

1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ERNESTO ESTRADA-RAMOS, | ) |
|---|---|
| Petitioner, | ) Cr. No. 05-0879GT |
| v. | ) Cv. No. 07-0975GT |
| UNITED STATES OF AMERICA | ) ORDER |
| Respondent. | ) |

On May 29, 2007, Petitioner, Ernesto Estrada-Ramos ("Mr. Estrada"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Estrada requests a downward departure based on his cultural assimilation, which he asserts should have been considered as a mitigating factor at his sentencing. The Court has fully considered this matter, including a review of Mr. Estrada's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Estrada's Motion to Modify Sentence is **DENIED**.

//
//

First, Mr. Estrada pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Estrada explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Estrada expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Estrada is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Estrada had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Estrada argues that because of his cultural assimilation this Court should grant him a lesser sentence or "immunity." However, the Ninth Circuit has held that downward departures based on cultural assimilation are only appropriate in "extraordinary circumstances." *See* United States v. Rivas-Gonzalez, 384 F.3d 1034, 1045 (9th Cir. 2004). Unfortunately, Mr. Estrada's case is not extraordinary. All too frequently in these cases, the defendant was brought to this country as a child and either did not get his papers or lost them later on. Accordingly,

**IT IS ORDERED** that Mr. Estrada's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

September 28 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner